UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| KENDALL E. GOO and LAURA L. GOO,<br><br>  Plaintiffs,<br><br>   vs.<br><br>BANK OF AMERICA, N.A., DOE DEFENDANTS 1-50,<br><br>  Defendants. | CIV. NO. 21-00023 LEK-RT |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR ORDER OF REMAND**

Before the Court is Plaintiffs Kendall E. Goo and Laura L. Goo's ("the Goos") Motion for Order of Remand ("Motion"), filed on February 9, 2021. [Dkt. no. 13.] Defendant Bank of America, N.A. ("BOA") filed its memorandum in opposition on February 26, 2021, and the Goos filed their reply on March 5, 2021. [Dkt. nos. 17, 19.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). On March 16, 2021, an entering order was issued informing the parties of this Court's rulings on the Motion. [Dkt. no. 23.] The instant Order supersedes that entering order. For the reasons set forth below, the Goos' Motion is granted, insofar as this case will be remanded to the state

court, and the Motion is denied as to the Goos' request for an award of removal related expenses.

### BACKGROUND

The Goos' claims in this case arise out of the foreclosure of their real property in Kapaa, Hawai`i ("the Property"). Their claims were originally pled in an amended complaint filed on June 24, 2019 in Kimberly M. Wallis, et al. v. Bank of America, N.A., et al., Civil No. 19-1-0070, in the State of Hawai`i, Fifth Circuit Court ("state court" and "Wallis State Case"). See Mem. in Supp. of Motion at 1.

The plaintiffs in the Wallis State Case were: Kimberly M. Wallis ("Wallis"); Jack E. McConnachie, Jr. and Donna M. McConnachie ("the McConnachies"); Zenaida Daligcon ("Daligcon"); Frances K. Foster ("Foster"); the Goos; and Cynthia J. Green ("Green"). [Motion, Decl. of James J. Bickerton ("Bickerton Decl."), Exh. 11 (First Amended Complaint, filed on 6/24/19 in the Wallis State Case ("Wallis Amended Complaint")) at ¶ 3.] According to the Wallis Amended Complaint, Wallis, Daligcon, and Foster were residents and citizens of Hawai`i; the McConnachies and Green were residents and citizens of California; and the Goos were residents and citizens of Arizona. [Id.]

The plaintiffs in the Wallis State Case alleged they were the victims of a common scheme by BOA, or its predecessors,

and their attorneys to deprive homeowners of property through illegal nonjudicial foreclosure sales. [Id. at ¶¶ 12-13.] In addition to BOA, the defendants in the Wallis State Case were:

-as to Wallis, Shawn D. Cohen and Roberta J. Cohen ("the Cohens");

-as to Daligcon, Tracie Y. Ibara ("Ibara");

-as to Foster, Jason E. Barber and Allison M. Barber ("the Barbers"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Kamaaina Mortgage Group, Inc. ("Kamaaina Mortgage"); and

-as to the Goos, Gregory S. Baxter and Montana J. Knightsbridge, Individually and as Trustees of the Gregory S. Baxter and Montana J. Knightsbridge Living Trust dated July 23, 2015 ("the Baxters"), and Finance Factors, Limited ("Finance Factors").

[Id. at ¶ 6.] The Wallis Amended Complaint alleged BOA was a national banking association, organized under United States and North Carolina law, with its principal place of business in North Carolina. [Id. at ¶ 4.] It also alleged: the Cohens were residents and citizens of California; Kamaaina Mortgage was a citizen of California; Ibara, the Barbers, and the Baxters were residents and citizens of Hawai`i; Finance Factors was a citizen of Hawai`i; and MERS was a citizen of Delaware. [Id. at ¶ 6.]

The Baxters claim to hold current title to the Property, and Finance Factors claims to be the holder of a mortgage currently encumbering the Property. [Id.] The Wallis Amended Complaint alleged: a wrongful foreclosure claim by each of the plaintiffs against BOA; an unfair and deceptive trade

3

practices and unfair methods of competition ("UDAP/UMOC") claim, pursuant to Haw. Rev. Stat. Chapter 480, by each of the plaintiffs against BOA; and quiet title and ejectment claims ("Title Claims"), as applicable, against the remaining defendants.  [Id. at pgs. 7-24.]

On April 14, 2020, the state court issued its Order Granting in Part and Denying in Part Defendants Bank of America, N.A. and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss First Amended Complaint and Motion to Sever, Filed November 8, 2019, and Substantively Joined by Joinder Defendants ("4/14/20 State Court Order").  [Bickerton Decl., Exh. 1.]  The Baxters were among the defendants who filed a substantive joinder in BOA and MERS's motion.  [Id. at 2.]  The state court dismissed portions of the Wallis plaintiffs' wrongful foreclosure claims and their UDAP/UMOC claims as time-barred, but the state court ruled that the "request for restitution of 'all proceeds and profits that [BOA] made or received by virtue of its conduct'" could proceed.  [Id. at 3 (quoting Wallis Amended Complaint at ¶ 122).]  The Title Claims were dismissed with prejudice as time-barred.  [Id. at 4.]  In addition, severance was granted, and the state court stated: "All Plaintiffs are dismissed from this action without prejudice ('Dismissed Plaintiffs'), except Plaintiff Kimberly M. Wallis.

4

The Dismissed Plaintiffs may re-file actions with this Court subject to the rulings contained in this Order." [Id.]

Following the severance, BOA removed Wallis's case to this district court on May 12, 2020. [Wallis v. Bank of Am., N.A., CV 20-00220 KJM ("Wallis Federal Case"), Def. Bank of America, N.A.'s Notice of Removal of Action ("Notice of Removal"), filed 5/12/20 (dkt. no. 1).] On August 28, 2020, the Wallis Federal Case was remanded to the state court. [Bickerton Decl., Exh. 10 (Order Granting in Part and Denying in Part Plaintiff's Motion for Order of Remand ("Wallis Federal Case Remand Order").[1]] This district court found the order in Inokuma v. Bank of America, N.A., CIV. NO. 20-00178 LEK-RT, 2020 WL 4455102 (D. Hawai`i Aug. 3, 2020) ("Inokuma Remand Order"),[2] persuasive and remanded the Wallis Federal Case for the same reasons as those set forth in the Inokuma Remand Order. [Bickerton Decl., Exh. 10 (Wallis Federal Case Remand Order) at 7-8.] This district court ruled that that the 4/14/20 State Court Order did not adjudicate all of the claims in the case because, at a minimum, it did not adjudicate Wallis's claims

---

[1] The Wallis Federal Case Remand Order is docket number 21 in that case. BOA filed a motion for reconsideration on September 11, 2020, but it was denied in an order filed on September 22, 2020. [Wallis Federal Case, dkt. nos. 24, 25.]

[2] BOA's motion for reconsideration of the Inokuma Remand Order was denied. 2020 WL 5807332 (Sept. 29, 2020).

5

against BOA.  Further, the state court did not enter a final judgment as to Wallis's claims against the Cohens.  Thus, the Cohens remained parties to the case.  [Id. at 11-12.]  BOA's failure to obtain the Cohens' consent to the removal rendered the removal procedurally defective because the Cohens were properly served, Wallis was still attempting to pursue her claim against the Cohens, and the Cohens were not nominal or fraudulently joined defendants.  [Id. at 13-16.]

While the Wallis Federal Case was pending, the plaintiffs in the Wallis State Case pursued an appeal of the 4/14/20 State Court Order ("Wallis State Appeal").  On September 11, 2020, the Hawai`i Intermediate Court of Appeals ("ICA") issued an order dismissing the appeal for lack of jurisdiction.  [Bickerton Decl., Exh. 9.[3]]  The ICA held that it lacked jurisdiction because the state court had not resolved all of the claims in the case, nor had it issued a final, appealable judgment pursuant to Haw. R. Civ. P. 54(b) for the rulings in the 4/14/20 State Court Order.  Wallis State Appeal, 2020 WL 5498728, at *1.  The ICA listed the following pleadings in the Wallis State Case:

- the Plaintiffs' June 24, 2019 complaint,

---

[3] The ICA's order in the Wallis State Appeal is also available at 2020 WL 5498728.

- Defendants/Cross-Claim Plaintiffs/Appellees Shawn D. Cohen's and Roberta J. Cohen's October 7, 2019 cross-claim,

- Defendants/Cross-Claim Plaintiffs/Appellees Jason E. Barber's and Allison M. Barber's October 16, 2019 cross-claim,

- Defendant/Cross-Claim Plaintiff/Appellee Finance Factors, Limited's October 22, 2019 cross-claim,

- Defendants/Cross-Claim Plaintiffs/Appellees Gregory S. Baxter's and Montana J. Knightsbridge's October 24, 2019 cross-claim, and

- Defendant/Cross-Claim Plaintiff/Appellee Tracie Y. Ibara's November 22, 2019 cross-claim.

Id.[4]

On November 4, 2020, the Goos filed their Complaint in the state court. [Def. Bank of America, N.A.'s Notice of Removal of Action ("Notice of Removal"), filed 1/11/21 (dkt. no. 1), Exh. A (Complaint in Civil No. 5CCV-20-0000117 ("Goo Complaint")).] The Goo Complaint states the Goos are "re-fil[ing] the claims dismissed without prejudice in Civil

---

[4] The Barbers' answer to the Wallis Amended Complaint, with their crossclaim against BOA, was filed on October 7, 2019. [Bickerton Decl., Exh. 3.] Finance Factor's answer, with a crossclaim, was filed on October 22, 2019. [Id., Exh. 4.] The Baxters' answer, with a crossclaim, was filed on October 24, 2019. [Bickerton Decl. at ¶ 8 & Exh. 5.] The Cohens' October 7, 2019 answer and Ibara's November 22, 2019 answer also included crossclaims. [Bickerton Decl., Exhs. 2 & 6.] On April 30, 2020, the Cohens filed a notice that their crossclaim was dismissed without prejudice, in light of the dismissal in the 4/14/20 State Court Order of the claim against them. [Id., Exh. 7.] Ibara filed a similar notice of dismissal on May 26, 2020. [Id., Exh. 8.]

7

No. 5CC19000070 in accordance with Dkt. 73 in that case[,]" *i.e.* the 4/14/20 State Court Order.  [Goo Complaint at pg. 1.]  The Goo Complaint includes the same citizenship allegations about the Goos and BOA that were alleged in the Wallis Amended Complaint.  [Id. at ¶¶ 3-4.]

According to the Goo Complaint, BOA foreclosed on the Property through a non-judicial foreclosure sale, pursuant to Haw. Rev. Stat. Chapter 667, Part I (2008), as a mortgagee with a power of sale.  [Id. at ¶ 15.]  BOA was the successful bidder at the foreclosure auction, and it had the Property conveyed to its nominee, Federal National Mortgage Association, by quitclaim deed.  [Id. at ¶ 27.]  The Goos allege BOA's foreclosure and the subsequent conveyances of the Property to itself or its nominees violated Hawai`i law.  The Goos argue that, because they were deprived of the Property, even though BOA did not have the legal right to take title to the Property, the Goos are entitled to damages and restitution.  [Id. at ¶¶ 16-22.]

The Goo Complaint alleges a wrongful foreclosure claim ("Count I"); and a UDAP/UMOC claim ("Count II").  BOA removed the case based on diversity jurisdiction.  [Notice of Removal at ¶ 8.]  In the instant Motion, the Goos argue the removal was improper for the following reasons:

-28 U.S.C. § 1446(c) precludes removal because the one-year
    removal period must be measured from the original filing of

8

  the Wallis State Case in 2019,[5] not from the filing of the Goo Complaint in 2020;

- the removal was untimely because the thirty-day removal period in 28 U.S.C. § 1446(b)(3) began to run when the 4/14/20 State Court Order was filed;

- the Baxters and Finance Factors must be considered parties to the instant case, because the Goos' severed case is subject to the 4/14/20 State Court Order, and BOA failed to obtain the consent of the Baxters and Finance Factors to the removal; and

- the 4/14/20 State Court Order cannot create removal jurisdiction based on diversity because it was an involuntary act.

The Goos urge this Court to remand the case to the state court, and they request an award of removal-related attorneys' fees and costs, pursuant to 28 U.S.C. § 1447(c).

## DISCUSSION

  The relevant legal standards are set forth in the Inokuma Remand Order, 2020 WL 4455102, at *3, and are incorporated by reference herein. As in Inokuma, it is not necessary to address all of the Goos' arguments in the Motion because BOA's failure to comply with the rule of unanimity is dispositive.[6]

---

[5] The Wallis State Case was originally filed on May 13, 2019. [Wallis Federal Case, Notice of Removal, Exh. A.] The Goos were not added as plaintiffs until the filing of the Wallis Amended Complaint on June 24, 2019.

[6] On April 9, 2021, this district court issued an Order Granting Plaintiff's Motion for Order of Remand in Daligcon v. Bank of America, N.A., CV 21-00020 JAO-RT, dkt. no. 22. The
(. . . continued)

I.  **Rule of Unanimity**

Although BOA is the only defendant named in the Goo Complaint, Finance Factors and the Baxters must be considered parties in the instant case.  In the Wallis Amended Complaint, the Goos alleged claims against BOA and a quiet title and ejectment claim against Finance Factors and the Baxters.  See generally Bickerton Decl., Exh. 11 (Wallis Amended Complaint).  The 4/14/20 State Court Order in the Wallis State Case that dismissed the Goos' claims against Finance Factors and the Baxters required the Goos to file their remaining claims against BOA in a separate action, but the order expressly stated that the new action would be "subject to the rulings contained in [the 4/14/20 State Court] Order."  [Id., Exh. 1 (4/14/20 State Court Order) at 4.]  Both the ICA and this district court have ruled that the 4/14/20 State Court Order was not a final, appealable judgment or order.  Wallis State Appeal, 2020 WL 5498728, at *1; Bickerton Decl., Exh. 10 (Wallis Federal Case Remand Order) at 11-12.  Because there was no final judgment or order in their favor, Finance Factors and the Baxters remained parties in the Wallis State Case.

---

Daligcon order also addresses the affect of the 4/14/20 State Court Order, and Daligcon raised the same arguments in favor of remand that the Goos raise in their Motion.  The Daligcon order focuses upon the timeliness arguments, which will not be addressed in the instant Order.

10

Based on the express language of the 4/14/20 State Court Order and the ICA's ruling in the <u>Wallis</u> State Appeal, the 4/14/20 State Court Order is a part of the Goos' current case. Thus, Finance Factors and the Baxters must be considered parties to the instant case.  No parties contest that Finance Factors and the Baxters were properly served with the original pleading stating the Goos' claim against them.  They did not join in the Notice of Removal.  They are not nominal, fraudulently joined, or unknown defendants.  BOA did not provide an averment of Finance Factors and the Baxters' consent to removal.  BOA could have cured the lack of consent at the time of removal by obtaining their consent prior to the expiration of the thirty-day removal period, but BOA did not do so.  <u>See</u> <u>Inokuma</u> Remand Order, 2020 WL 4455102, at *5 (citing <u>Lewis v. HSBC Bank USA, N.A.</u>, CIVIL NO. 17-00234 DKW-KSC, 2017 WL 3671279, at *8 (D. Hawai`i Aug. 25, 2017)).  Given the demanding standard governing removal, this Court finds that the Notice of Removal was not unanimous.  Thus, the Notice of Removal was procedurally defective, and the case must be remanded to the state court.

## II.  **Removal-Related Costs and Fees**

The Goos also seeks an award of the attorneys' fees and costs they incurred because of the removal of this case.  28 U.S.C. § 1447(c) states, in pertinent part: "An order remanding the case may require payment of just costs and any actual

expenses, including attorney fees, incurred as a result of the removal."

> Absent unusual circumstances, a court may award costs and attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). Removal is not objectively unreasonable "solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008).

Grancare, LLC v. Thrower ex rel. Mills, 889 F.3d 543, 552 (9th Cir. 2018). While remand is granted on procedural grounds, the Notice of Removal presented significant legal issues as to the appropriateness of remand after a state court's severance and dismissal order, where the order expressly stated the new cases filed by the severed plaintiffs would be subject to the severance/dismissal order in the original case. Therefore, the Goos' request for removal-related attorneys' fees and costs is denied because BOA had an objectively reasonable basis for removal.

## **CONCLUSION**

For the foregoing reasons, the Goos' Motion for Order of Remand, filed February 9, 2021, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as this Court: CONCLUDES that the removal of this case was improper because not

...
.

all defendants consented to removal; and REMANDS the instant case to the state court.  The Motion is DENIED as to the Goos' request for an award of removal-related attorneys' fees and costs.  The Clerk's Office is DIRECTED to effectuate the remand immediately.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 14, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**KENDALL E. GOO, ET AL. VS. BANK OF AMERICA; CV 21-00023 LEK-RT; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ORDER OF REMAND**